IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARD T. EVANS, | § | |
| | § | No. 609, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 88K01678DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 7, 2017
Decided: April 11, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 11th day of April 2017, it appears to the Court that:

(1) Following his 1982 conviction in the Superior Court on one count of Rape in the First Degree, the appellant, Ward T. Evans, was sentenced to life in prison with the possibility of parole. In 1984, the conviction and sentence were affirmed on direct appeal.[1] Since then, Evans has challenged his conviction and sentence in nearly two dozen unsuccessful state and federal court applications.

(2) Last year, Evans appealed the Superior Court's dismissal of his petition for a writ of mandamus, which sought good time credits applied to his life sentence, and his immediate release from custody. By Order dated August 31,

---

[1] *Evans v. State*, 1984 WL 180811 (Del. June 21, 1984).

2016, we concluded that the appeal was frivolous and affirmed the Superior Court's dismissal of the petition.[2]

(3)     Undaunted, Evans then filed a motion for correction of sentence, which sought his immediate release from custody on the basis that his life sentence is illegal because it does not specify an ending date as required by statute. This appeal is from the Superior Court's denial of that motion.

(4)     In an Order issued more than a quarter century ago, this Court enjoined Evans from filing "further postconviction applications . . . in regard to his conviction and/or sentencing . . . in the Delaware Supreme Court without a Justice of this Court first determining that the proposed application is neither repetitious nor frivolous."[3] Having now applied the dictates of that Order and conducted a preliminary review of this appeal, the Court concludes that the appeal is legally frivolous and is not approved for filing.[4] The claim underlying the appeal—that a life sentence is illegal because it does not specify an ending date—has been raised and rejected in other appeals and is indisputably without merit.[5]

(5)     Evans' filing of a frivolous appeal constitutes an abuse of the judicial process. In the future, unless leave is granted by the Court, Evans is enjoined from

---

[2] *Evans v. Coupe*, 2016 WL 4547904 (Del. Aug. 31, 2016).
[3] *Evans v. State*, 1989 WL 47828, at *2 (Del. April 27, 1989).
[4] *See* 10 *Del. C.* § 8801(7) ("'Legally frivolous' shall mean a claim based on an indisputably meritless legal theory.") (Supp. 2017).
[5] *E.g.*, *Fatir v. State*, 2012 WL 1237782 (Del. April 10, 2012); *Carr v. State*, 2008 WL 2138157 (Del. May 20, 2008).

2

proceeding on *any* claim related to his conviction and sentence. Moreover, any request by Evans to invoke the Court's appellate or original jurisdiction in any matter concerning his conviction and sentence must be accompanied by a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e).[6]

NOW, THEREFORE, IT IS ORDERED that Evans' appeal papers are STRICKEN, and this matter is summarily DISMISSED. Evans is ENJOINED under 10 *Del. C.* § 8803 and this Order from filing a future notice of appeal or extraordinary writ concerning his conviction and sentence without first obtaining the Court's permission.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] 10 *Del. C.* § 8803(e) provides:

When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:

(1)  The claims sought to be litigated have never been raised or disposed of before in any court;
(2)  The facts alleged are true and correct;
(3)  The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
(4)  The affiant has no reason to believe that the claims are foreclosed by controlled law; and
(5)  The affiant understands that the affidavit is made under penalty of perjury.

3